**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Adrian Shortey, | No. CV-24-00435-PHX-DLR |
| Petitioner, | No. CR-22-00167-PHX-DLR |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf (Doc. 21) regarding Movant Victor Adrian Shortey's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). The R&R recommends that the Motion be denied and that a Certificate of Appealability be denied. (Doc. 21 at 10.) The R&R advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (*Id.* at 10–11.) Movant filed a letter to the Court (Doc. 22), which the Court treats as an objection to the R&R. Respondent timely filed its response. (Doc. 24.)

Movant objects to the R&R's findings regarding his claims of ineffective assistance of counsel. (Doc. 22 at 1.) The standards for raising an ineffective assistance of counsel claim are set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), where the Court stated:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two

> components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

The Court explained how to prove prejudice: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Movant's first objection to the R&R's recommendation concerning his ineffective assistance of counsel claims is based on a dispute he has with the affidavit of defense attorney Tate. Tate submitted an affidavit setting forth the dates when he met with Movant. Movant disputes those dates and the number of meetings that occurred. (Doc. 22 at 1–2.) However, Movant has not shown (1) what dates he claims his meetings with Tate took place, (2) what did or did not happen in the meetings that was deficient, and (3) how anything that could or should have happened in those meetings would have probably changed the outcome of the case. Movant's objection fails to meet the *Strickland* standards for proving ineffective assistance of counsel.

Movant next objects to the R&R's findings regarding his claim of ineffective assistance of counsel for Tate's failure to object when the prosecutor spoke at sentencing. (*Id.* at 2.) His objection does not point to anything objectionable that the prosecutor said. He also faults his counsel for not objecting to a statement in the Presentence Report ("PSR") which he claims undermined his credibility. (*Id.*) Movant fails to show how the failure to object to the portion of the PSR which he found offensive—whether he attended electrical tech school—was deficient performance or how objecting would have changed the outcome of the case. Movant has not shown that Tate's failure to object to the PSR meets the *Strickland* standards for proving ineffective assistance of counsel.

Lastly, Movant objects to the R&R's findings regarding his claim of ineffective assistance of counsel for Tate's failure show him a video due to Wi-Fi connectivity issues. (*Id.*) Movant fails to show his viewing of the subject video would have changed the outcome of the case. Movant has thus not met the *Strickland* standard on his final objection.

The remainder of discussion in Movant's motion are not objections but information on his progress while in custody and health issues. While Movant is making important strides in self-improvement while in custody, that information is not something that the Court can use to vacate, set aside or correct the sentence.

**IT IS ORDERED** as follows:

1. Movant's objections to the R&R (Doc. 22) are **OVERRULED**;
2. The R&R (Doc. 21) is **ACCEPTED**;
3. Movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** with prejudice;
4. A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because jurists of reason would not find the district court's assessment of the claims debatable or wrong.

The Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 5th day of March, 2025.

Douglas L. Rayes
Senior United States District Judge